EL PUEBLO DE PUERTO RICO, demandante, *v.* LETICIA EULALIA FERRER Y CINTRÓN, demandada; BELÉN ALVAREZ TORRES DE ALDEA, interventora y apelante, y ARMANDO HERNÁNDEZ, interventor y apelado.

Núm. 8908.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Enero 10, 1945.

*Manuel Cruz Orta* y *Cándido Ceballos,* abogados de la interventora
apelante; *Juan Nevares Santiago,* abogado del interventor ape-
lado; *Hon. Procurador General Interino Jesús A. González,
A. E. Franco Cabrero, Subprocurador Auxiliar* y *Federico Tilén,
Asesor Legal del Departamento del Interior,* abogados del deman-
dante; *R. H. Blondet,* abogado de la demandada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tri-
bunal.

En este pleito de expropiación forzosa interpuesto por
El Pueblo de Puerto Rico contra Leticia Ferrer para la ad-
quisición de cierto solar en Santurce en el cual ubican una
casa tienda y dos casetas, se permitió por la corte inferior
la intervención de las siguientes personas: (*a*) Belén Alva-
rez Torres de Aldea, que alegó ser la verdadera dueña, tanto
del solar como de la casa tienda en cuestión, y (2) Armando
Hernández, que alegó ser el dueño de las referidas casetas,
así como de un negocio que ocupa la casa tienda. El deman-
dante depositó la suma de $4,637.86 como compensación justa
y razonable de las propiedades objeto de la expropiación.

El 8 de febrero de 1944, El Pueblo de Puerto Rico y el
interventor Armando Hernández, sometieron a la corte in-
ferior una estipulación a virtud de la cual el interventor
aceptaba la suma de $900 como compensación definitiva por
el cierre de su negocio y la remoción de las casetas, y El
Pueblo a su vez se comprometió a depositar en la corte cual-
quier diferencia que existiera entre la cantidad depositada y
la cantidad que la corte finalmente fijara como compensación
definitiva por las otras propiedades, una vez pagada la suma

estipulada al interventor Armando Hernández. A la moción sobre entrega de compensación con que acudiera éste a la corte se opuso la interventora Belén Alvarez de Aldea, alegando: 1, no haber sido notificada con copia de la referida moción; 2, que hasta tanto se determinare el verdadero dueño de la finca, la casa tienda y las casetas, no debía hacerse entrega a persona alguna del total o parte de los fondos embargados, y 3, que si bien no tenía objeción a que se pagare al dueño de las casetas su valor de $320.93, sí se oponía a que se pagase cualquier otra cantidad al interventor como compensación por la casa tienda, por no tener él derecho compensable alguno en dicha casa tienda que pertenece exclusivamente a ella.

El 3 de marzo de 1944, la corte inferior después de oír a las partes, dictó sentencia aprobando la estipulación y declarando con lugar la moción sobre entrega de compensación al interventor Hernández, y contra esta sentencia la interventora Belén Alvarez, estableció el presente recurso de apelación en el cual señala como único error que la corte inferior cometió abuso de discreción y error de derecho y que actuó movida por pasión y prejuicio.

[1, 2] Somos de opinión que la apelación interpuesta carece de méritos. La apelante en este caso en ningún momento alegó ser dueña de las dos casetas reclamadas por el apelado. Por el contrario, admitió en la corte inferior que éstas pertenecían al apelado y se allanó a que de la cantidad consignada se le pagara a su dueño lo que ella consideró era su valor, $320.93. En cuanto a la contienda entre el demandante y el interventor Hernández sobre el justo valor de las dos casetas y el negocio de tienda ningún interés tenía la interventora Belén Alvarez y la transacción no podía perjudicarla ya que el demandante se comprometió en la estipulación a depositar en la secretaría de la corte "cualquier diferencia existente entre la suma que quede en poder de la Secretaría de esta Honorable Corte, una vez sa-

tisfecha al interventor la suma de dinero fijada como compensación por esta estipulación, y la cantidad que esta Honorable Corte determine que deba pagarse como compensación definitiva por las otras propiedades envueltas en este procedimiento.''

Que la corte podía ordenar el pago parcial al interventor Hernández con cargo a la suma total consignada no admite discusión de acuerdo con el párrafo tercero de la sección 5A de la Ley de Expropiación Forzosa (adicionada por la Ley núm. 2 de primero de abril de 1941 [(1) pág. 285], y enmendada por la Ley núm. 22 de 21 de noviembre de 1941 [(2) pág. 69], por la Ley núm. 22 de 9 de abril de 1942 [(1) pág. 387), y por la Ley núm. 19 de 30 de noviembre de 1942 [(2) pág. 83] que dispone que:

"*A solicitud de las partes interesadas,* la corte podrá ordenar que el dinero depositado en la corte, *o cualquier parte del mismo,* sea pagado inmediatamente como la justa compensación, *o parte de ésta, que se concediere en dicho procedimiento.* Si la compensación que finalmente se concediere en relación con dicha propiedad, *o por parte de ésta,* excediere de la cantidad de dinero así recibida por cualquier persona que tenga derecho a la misma la corte dictará sentencia contra el Pueblo de Puerto Rico . . . por la cantidad de la deficiencia.'' (Itálicas nuestras.)

Las partes interesadas en cuanto a las dos casetas se refiere son El Pueblo de Puerto Rico y el interventor Hernández. La apelante limitó su reclamación al solar y a la otra casa. Tanto a virtud de la estipulación como de la ley, la interventora está plenamente garantida en su derecho a percibir la justa compensación que le corresponde por el solar y casa que alega le pertenecen. El Pueblo de Puerto Rico pudo haber segregado el valor que consideraba justo de cada una de las propiedades al hacer la consignación en la corte. A virtud de la estipulación hizo dicha segregación admitiendo que $900 representan el valor de las propiedades de Hernández o el de los daños y perjuicios que se le ocasionen con la expropiación. El remanente de la suma consignada,

$4,637.86, deducidos esos $900 o sea $3,737.86 representan lo que el demandante considera justo valor de las propiedades que la apelante alega le pertenecen. La situación actual es igual a que si desde su inicio el demandante hubiera especificado que consignaba en corte cada una de estas cantidades —$900 y $3,737.86—para cada uno de los interventores.

*Debe confirmarse la sentencia apelada.*